FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 0 7 2009   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
                                        )
UNITED STATES OF AMERICA,               )         cr-08-186
                                        )
          v.                            )     Statement of Reasons Pursuant to
                                        )        18 U.S.C. § 3553(c)(2)
                                        )
RAMON SANCHEZ-RANGEL,                   )
                                        )
          Defendant.                    )
                                        )
```

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 7, 2009, Ramon Sanchez-Rangel pled guilty to counts one and six of a seven-count superseding indictment. Count one charged that between June 1, 2003, and June 6, 2008, the defendant, together with others, conspired to import 500 grams of more of cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(2). Count six charged that between May 27, 2007, and July 8, 2007, the defendant, not being a licensed importer, manufacturer, dealer or collector of firearms, together with others, conspired to transfer, sell, transport and deliver firearms to a person other than a licensed importer, manufacturer, dealer or collector of firearms, knowing that such person did not reside in the state in which the defendant resided, in violation of 18 U.S.C. § 371.

Sanchez-Rangel was sentenced on October, 19, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be thirty three and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 135 and 168 months. Count one carried a maximum term of imprisonment of forty years. 21 U.S.C. § 960(b)(2). Count two carried a maximum term of imprisonment of five years. 18 U.S.C. § 371. The guidelines range of fine was from $20,000 to $2,000,000. The underlying charges in the superseding indictment remain are dismissed.

Sanchez-Rangel was sentenced to five years imprisonment and four years supervised release. A $200 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). While the defendant played a supervisory role in the criminal conspiracies of which he was a part, that role was relatively minor, making the guideline sentence excessive. The defendant is a hardworking man without any education who supported his family. A sentence of five years imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal drugs and firearms will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the likely deportation of the defendant. It is unlikely that he will engage in further criminal activity in light of his family circumstances, age and remorse.

3

Jack B. Weinstein
Senior United States District Judge

Dated: November 3, 2009
       Brooklyn, New York